[Cite as *State v. McFadden*, 2026-Ohio-2777.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-T-0096** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DANNY MICHAEL MCFADDEN, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00505 |

# MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Appeal dismissed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward A. Czopur*, P.O. Box 3313, 407 Boardman-Canfield Road, Suite 3313, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Danny McFadden ("McFadden"), appeals from the judgment of the Trumbull County Court of Common Pleas convicting him of eleven counts of gross sexual imposition and sentencing him to 11.5 years in prison. Plaintiff-appellee is the State of Ohio ("State").

{¶2} Upon review, we dismiss the appeal for lack of a final appealable order. A "trial court must dispose of all the charges against a defendant, and, if it does not do so, its judgment entry is not a final, appealable order." *State v. Clay*, 2010-Ohio-4558, ¶ 20 (11th Dist.), citing *State v. Rothe*, 2009-Ohio-1852, ¶ 9 (5th Dist.). As there are 17 pending

charges against McFadden remaining in this case, the trial court's sentencing entry resolving only the gross sexual imposition charges is not a final appealable order.

{¶3}    Accordingly, the appeal is dismissed for lack of a final appealable order.

**Substantive and Procedural Facts**

{¶4}    On June 12, 2025, a Trumbull County Grand Jury indicted McFadden on twenty-six counts: eight counts of gross sexual imposition, third-degree felonies, in violation of R.C. 2907.06(A)(4) and (C)(2), victim A.M.; eight counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) and (B), with sexually violent predator specifications that the victim, A.M., was less than ten years old and that McFadden purposely compelled A.M. to submit by force or threat of force, in violation of R.C. 2971.03(B)(1)(b) and 2971.03(B)(1)(c); nine counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) and (B), with sexually violent predator specifications that McFadden purposely compelled the victim, A.M., to submit by force or threat of force, in violation of R.C. 2971.03(B)(1)(c); and one count of gross sexual imposition, a fourth-degree felony, in violation of R.C. 2907.05(A)(1) and (C)(1), victim C.B. McFadden pleaded not guilty to the charges.

{¶5}    On August 6, 2025, the State filed a superseding indictment which added two additional counts of gross sexual imposition, fourth-degree felonies, in violation of R.C. 2907.05(A)(1) and (C)(1), stemming from conduct with a third victim, Jane Doe. McFadden pleaded not guilty to the charges, and the parties proceeded to a jury trial.

{¶6}    After deliberation, the jury found McFadden guilty on all 11 gross sexual imposition charges. However, the jury was unable to reach a verdict on any of the 17 counts of rape. Although the trial court has sentenced McFadden on the gross sexual

imposition counts, the rape charges remain undisposed of by the trial court. McFadden appeals from the trial court's interlocutory sentencing order.

**The Appeal**

{¶7}    On appeal, McFadden raises eight assignments of error for review:

[1.] The trial court erred and abused its discretion when it failed to grant relief from prejudicial joinder.

[2.] [McFadden] was denied his right to a fair trial, pursuant to the constitutions of the State of Ohio and United States, when the trial court repeatedly used the word "victim" to refer to the complaining witnesses during voir dire.

[3.] [McFadden] was denied his right to a fair trial under the constitutions of both the State of Ohio and the United States due to the repeated vouching/bolstering of the credibility of A.M., and the alleged victims, generally.

[4.] [McFadden] was denied his rights to due process of law, pursuant to both the constitutions of the State of Ohio and the United States as the trial court repeatedly showed bias against him.

[5.] [McFadden's] rights to counsel, as contained in the constitutions of both Ohio and the United States, were violated due to trial counsel's failure to object to the issues raised in assignments II, III, and IV, above.

[6.] The convictions in counts 27 and 28, the counts related to [Jane Doe], were based on insufficient evidence as the state failed to prove that [McFadden] had any sexual contact with [Jane Doe] by means of force or threat of force.

[7.] The convictions in counts 27 and 28, the counts related to [Jane Doe], were against the manifest weight of the evidence as the state failed to prove that [McFadden] had any sexual contact with [Jane Doe] by means of force or threat of force.

[8.] The cumulative effect of the errors list [sic] above deprived [McFadden] of his rights to due process and a fair trial as contained in the constitutions of Ohio and the United States.

{¶8}    Before addressing McFadden's assignments of error, we must determine whether we have jurisdiction. The Supreme Court of Ohio has held that "a conviction on

Case No. 2025-T-0096

one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *State v. Craig*, 2020-Ohio-455, ¶ 21. Therefore, "if there is a hung jury on some charges and there are convictions on others, a prosecutor must ordinarily elect either to retry the defendant on the charges on which the jury failed to reach a verdict or to dismiss those charges." *Id.* at ¶ 19.

{¶9}   "In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice. *State v. Cole,* Cuyahoga App. No. 88722, 2007-Ohio-3076. Furthermore, although a dismissal of the hung jury charge may be contemplated on the record, unless the dismissal is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order." *State v. Sherman*, 2011-Ohio-5794, ¶ 12 (5th Dist.).

{¶10}  Here, the 17 rape charges remain unresolved by the trial court, and the parties are actively litigating the case. Accordingly, the trial court's sentencing entry is not a final appealable order. We are without jurisdiction to consider the merits of the case at this time. *State v. DiTomaso*, 2026-Ohio-1330, ¶ 6 (11th Dist.).

## Conclusion

{¶11}  For the reasons set forth above, this appeal is dismissed for lack of a final appealable order.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0096

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

JUDGE ROBERT J. PATTON

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0096